Mr. Carl E. Forsberg, WSBA #17025
Mr. Patrick S. Brady, WSBA #11691
Forsberg & Umlauf, P.S.
900 Fourth Ave., Suite 1700
Seattle, WA  98164
Phone:  (206) 689-8500
Fax:  (206) 689-8501

Honorable Alan A. McDonald

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

THE LAMAR COMPANY, LLC,

              Plaintiff,

    vs.

CONTINENTAL CASUALTY
COMPANY, a member of CNA
Insurance Companies, and MICHAEL
H. RUNYAN,

           Defendants.

No. CV-05-320-AAM

**CONTINENTAL'S
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF
DISMISSAL WITHOUT
PREJUDICE, OR, IN THE
ALTERNATIVE, FOR STAY,
BECAUSE OF PENDING
UNDERLYING ACTION**

**NOTED FOR HEARING:  APRIL
27, 2006 AT 10:00 A.M., IN
YAKIMA**

## I. INTRODUCTION

Lamar's premature lawsuit seeks an advisory ruling about hypothetical damages that would arise only if a pending underlying action results in a judgment against Lamar in excess of insurance policy limits.    Continental Casualty Company (Continental) has defended its insured, Lamar, throughout two underlying lawsuits, has indemnified Lamar in the first lawsuit, and has affirmed

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 1

271758 / 1910.0008

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

that it will indemnify Lamar for covered claims up to remaining policy limits in the second lawsuit. See Continental's Statement of Facts. Nevertheless, Lamar seeks a hypothetical ruling that, if the second underlying action results in a final disposition against Lamar above policy limits, alleged wrongful failure of Continental to settle within policy limits would render Continental liable in excess of those limits. Lamar's contingent claim against Continental should be dismissed for failure to present an actual controversy.

The two underlying lawsuits have been: (1) the Kuntz lawsuit, fully resolved, followed by (2) the KEC lawsuit, still ongoing. The Kuntz lawsuit, in the United States District Court for the Eastern District of Washington, resulted in a judgment in favor of Kuntz and against Lamar for $7,573,971, and against Kootenai Electric Cooperative, Inc. (KEC) for $9,965,752. Continental paid the $7,573,971 Kuntz judgment on behalf of its insured, Lamar. KEC then filed the second lawsuit, in Idaho state court, demanding that Lamar indemnify KEC, under an Idaho statute, for the $9,965,752 Kuntz judgment against KEC.

Continental issued a primary liability policy and an umbrella policy to Lamar, with combined policy limits of $15,000,000. Continental has defended Lamar throughout both underlying lawsuits, has fully indemnified Lamar for the judgment against Lamar in the Kuntz lawsuit, and has affirmed that it will

Continental's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment of Dismissal Without Prejudice - 2

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

indemnify Lamar against a potential judgment in the KEC lawsuit, up to remaining policy limits of $8,426,029.

After the trial judge in the KEC lawsuit entered a partial summary judgment in favor of KEC on statutory issues and res judicata, Lamar, defended by Continental, filed an interlocutory appeal to the Idaho Supreme Court. The Supreme Court sua sponte dismissed the appeal because there was no final judgment, no claim had been resolved, and the matter was not ripe for appeal. The matter is now pending for trial on Lamar's defense of laches (that Lamar was prejudiced by KEC's failure to plead statutory indemnity in the Kuntz lawsuit). In the contingency of a final trial judgment against Lamar, Lamar would appeal the laches, res judicata, and statutory issues.

The only damage alleged by Lamar is the contingent possibility of a final judgment in excess of policy limits, the amount by which a potential final judgment of $9,965,752 (plus interest and certain other expenses) might exceed remaining policy limits of $8,426,029 (plus prejudgment interest in addition to policy limits). This is only a contingency. Defended by Continental in the ongoing underlying KEC lawsuit, Lamar may prevail at trial on its defense of laches. Or it may prevail on appeal on issues of laches, *res judicata*, or application of Idaho Code §55-2401(2). If Lamar prevails on any one of these

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 3

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

issues, there will be no final judgment against it in any amount, above or below policy limits, and the contingency raised in Lamar's premature lawsuit against Continental will never arise.

Controlling case law establishes that, when an insurer <u>is defending</u> an insured in an ongoing underlying action, there is <u>no actual controversy between the insurer and the insured</u>. When an insurer is defending, there is no actual controversy even if the insurer is denying an obligation to indemnify. Here, Continental is not only <u>defending</u> Lamar, but it has also affirmed that it <u>will indemnify</u> Lamar up to remaining policy limits. The potential contingency that the underlying KEC lawsuit might ultimately result in a future final disposition against Lamar in excess of policy limits does <u>not</u> create an actual controversy at this time. This action should therefore be dismissed; in the alternative, it should be stayed until final disposition of the underlying KEC lawsuit.

## II. **FACTUAL BACKGROUND**

**See Continental's Statement of Facts in Support of its Motion, incorporated herein by reference.**

## III. **ISSUE**

Continental is defending Lamar in an ongoing underlying action, and has affirmed that it will indemnify Lamar up to remaining policy limits. Lamar seeks

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 4

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

a declaratory judgment that if the underlying action results in a final determination of Lamar liability above policy limits, Continental would be liable for indemnity above policy limits.   Do Lamar's claims present an actual controversy?

## IV.  **EVIDENCE RELIED UPON**

See Continental's Statement of Facts in Support of its Motion, and the Supporting Declaration of Patrick S. Brady, with Exhibits.

## V.  **POINTS AND AUTHORITIES**

Seeking a declaratory judgment concerning contingent future obligations, Lamar's Second Amended Complaint, Prayer for Relief, asks for declaratory decrees.  "The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit . . . .  It has long been  . . .  considered practice not to decide abstract, hypothetical or contingent questions . . . ."  Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461 (1945).  Lamar raises only contingent questions.  The requirement of an actual controversy rests on constitutional and statutory grounds, and the absence of an actual controversy means this court has no jurisdiction.

Continental's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment of Dismissal Without Prejudice - 5

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

**A.    Lamar's Premature Claims against Continental Should Be Dismissed Without Prejudice.**

Many federal and other courts have held that when an insurer is defending an underlying action, there is no actual controversy between insurer and insured concerning potential indemnity.  Until and unless the insured is finally held liable, there is nothing to indemnify: "In general, a declaratory judgment action brought prior to a determination of the insured's liability is premature since the question to be determined is not then ripe for adjudication ..."  Burnett v. Safeco Ins. Co. of Illinois, 227 Ill. App. 3d 167, 590 N.E. 2d 1032, 1038, 169 Ill. Dec. 113 (1992).

In Weber v. St. Paul Fire & Marine Ins. Co., 251 Ill. App. 3d. 371, 622 N.E. 2d 66, 190 Ill. Dec. 656 (1993), the insurer was defending the insured in an ongoing underlying action.  The Court found premature the question whether the insurer would have a duty to indemnify if that underlying action resulted in a judgment for triple damages against its insured:

> Whether or not there is a duty to indemnify…does not arise until an insured becomes legally obligated to pay damages in the underlying action….
>
> Thus, a declaratory judgment action brought to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe before an adjudication in the underlying action.

Continental's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment of Dismissal Without Prejudice - 6

271758 / 1910.0008

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

622 N.E. 2d at 68.   Just as the issue of indemnity for a potential judgment for triple damages was premature in <u>Weber</u>, so too the issue of indemnity for a potential judgment in excess of policy limits is premature here.

After finding a duty to defend, the court in <u>Guaranty Ins. Co. v. Beeline Stores, Inc.</u>, 945 F. Supp. 1510 (N.D. Ala. 1996) found the issue of indemnity not ripe for declaratory judgment before conclusion of the underlying case:

> Here, [the insured] could prevail in the underlying lawsuit.   With this result, the issue of whether [the insurer] must indemnify [the insured] would be moot, and the court would never have to reach the issue.   The time and effort the court and the parties would have put toward resolving the issue would be wasted.   For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief.

945 F. Supp. at 1515.

<u>Home Ins. Co. v. Perlberger</u>, 900 F. Supp. 768 (E.D.Pa. 1995), involved an insurer's declaratory judgment action filed in United States District Court while an underlying state court action against its insured was pending.   The court found the issue of a duty to defend ripe, but found the issue of indemnity "contingent" and "not ripe for judicial determination."   900 F. Supp. at 771-72,   773-74.

The Court in <u>Auto-Owner's Ins. Co. v. Toole</u>, 947 F. Supp. 1557 (N.D.

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 7

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

Ala. 1996), dismissed without prejudice a declaratory judgment action concerning insurer indemnity before completion of the underlying lawsuit.  The court noted that not only the declaratory judgment statute but also the Constitution requires an actual controversy.[1]  And even if an actual controversy exists, the court still has discretion to decline jurisdiction.[2]  For other decisions dismissing without prejudice because there was no actual controversy over insurer indemnity (as opposed to duty to defend), see <u>Argento v. Village of Melrose Park</u>, 838 F.2d 1483, 1492 (7th Cir. 1988); <u>Home Exterminating Co., Inc. v. Zurich – American Ins. Group</u>, 921 F. Supp. 318 (D.Md. 1996); <u>Nationwide Ins. v. Zavalis</u>, 52 F. Supp. 3d. 689 (7th Cir. 1995).

The court in <u>Allstate Indemnity Co. v. Lewis</u>, 985 F. Supp. 1341 (N.D. Ala. 1997), held that an insurer had a duty to defend, but that the issue of indemnity was not ripe until and unless the insured was found liable in the underlying

---

[1] The United States Constitution "restricts the exercise of judicial power to 'cases' and 'controversies'." Further, the Declaratory Judgment Act, "in its limitation to 'cases of actual controversy' manifestly has regard to the constitutional provision…and thus, 'is operative only in respect to controversies which are such in the constitutional sense.'" 947 F. Supp. at 1565-66.

[2] The Declaratory Judgment Act states that a court "<u>may</u> declare the rights and other legal relations of any interested party seeking this declaration.' 28 U.S.C.A. 2201 [T]he Declaratory Judgment Act…confers a discretion on the courts rather than an absolute right upon the litigant…" 947 F. Supp. at 1566 (emphasis by court).

Continental's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment of Dismissal Without Prejudice - 8

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

action: "[T]he question of whether [the insurer] might ultimately be responsible for indemnifying [the insured] against any losses accruing in that lawsuit is not timely brought before this court." 985 F. Supp. at 1350.

In Hunt v. State Farm Mutual Automobile Ins. Co., 655 F. Supp. 284 (D.Nev. 1987), the insurer was defending the insured in a pending action. The court therefore dismissed a declaratory judgment action for indemnity brought against an insurer: "'[I]t is not the function of a United States District Court to sit in judgment of these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass.'" 655 F. Supp. at 288. Since Continental is defending, the question of indemnity above policy limits is one which may never come to pass.

In an analogous case, National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp., 646 F. Supp. 746 (N.D.Ill. 1986), insurers sought a declaratory judgment against auditors, claiming that they had relied upon the audits in issuing directors' and officers' liability policies. The court found "no present 'actual controversy' . . . and federal subject-matter jurisdiction is therefore lacking." 646 F. Supp. at 752. The court found: "[I]t would be both premature and wasteful to decide an issue that may simply drop out …. [A]t this

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 9

271758 / 1910.0008

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1  stage no one has any idea of what the size of that bill might be, a matter

2  dependent on the outcome of the Underlying Litigation." 646 F. Supp. at 750.

3  **B.   In the Alternative, Lamar's Claims Against Continental Should Be

4  Stayed.**

5  Should the Court decline to dismiss without prejudice, this action should be

6  stayed during the pendency of the state court action:

> We note that where the basis for declining to proceed
> is the pendency of a state proceeding, a stay will often
> be the preferable course, insofar as it assures that the
> federal action can proceed without risk of a time bar if
> the state case, for any reason, fails to resolve the
> matter in controversy.

Home Ins. Co. v. Perlberger, 900 F. Supp. 768, 775 (E.D.Pa. 1995). The court in

North Pac. Ins. Co. v. Wilson's Distributing Service, Inc., 138 Or. App. 166, 908

P.2d 827, 832 (1995), ordered a "stay...with respect to [insurer's] obligation to

indemnify [insured] until the underlying tort action is finally determined." The

court in Allstate v. Lewis, discussed above, noted that under the Declaratory

Judgment Act, 28 U.S.C.A. § 2201, the "district court is authorized, in the sound

exercise of its discretion, to stay or to dismiss an action seeking a declaratory

judgment ..." 985 F. Supp. at 1341.

## VI. CONCLUSION

When the insurer is defending the insured in an ongoing underlying action,

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 10

271758 / 1910.0008

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

an insured's declaratory judgment action for potential indemnity by the insurer presents no actual controversy. This is doubly true where Continental is not only defending, but has affirmed that it will indemnify Lamar up to remaining policy limits. This Court has no jurisdiction, and Lamar's claims should be dismissed without prejudice. Even if jurisdiction existed, this Court should, in its discretion under the Declaratory Judgment Act, decline to exercise jurisdiction. In the alternative, the Court should stay Lamar's claims against Continental until the underlying KEC lawsuit is finally determined.

DATED this 28th day of February, 2006.

FORSBERG & UMLAUF, P.S.

Carl E. Forsberg, WSBA #17025
Patrick S. Brady, WSBA #11691
Attorneys for Defendant Continental
Casualty Company

Continental's Memorandum of Points and Authorities in Support of its
Motion for Summary Judgment of Dismissal Without Prejudice - 11

271758 / 1910.0008

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX