ROBERT M. SULKIN, WSBA No. 15425
DAVID R. EAST, WSBA No. 31481
McNaul Ebel Nawrot & Helgren, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
Telephone No: (206) 467-1816
Facsimile No: (206) 624-5128

Hon. Alan A. McDonald

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| THE LAMAR COMPANY, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>CNA INSURANCE COMPANIES, and MICHAEL H. RUNYAN,<br><br>              Defendants. | No. CV-05-320-AAM<br><br>DEFENDANT MICHAEL H. RUNYAN'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>**NOTED FOR HEARING:**<br>**Thursday, August 31, 2006 at 10:00 a.m. in Yakima** |

    1.    The Lamar Company, LLC ("Lamar") has sued Michael H. Runyan ("Runyan") for legal malpractice. Lamar was a defendant in an underlying personal injury action before the U.S. District Court for the Eastern District of Washington (the "Kuntz Lawsuit"). The dispute arises from a settlement negotiation that occurred between Lamar and the plaintiffs in the Kuntz Lawsuit. In short, Lamar claims that Runyan committed legal malpractice and breached his fiduciary duties to Lamar by failing to negotiate a settlement agreement that capped Lamar's total potential liability in the Kuntz Lawsuit to an amount that was within the limits of its liability insurance policy. *See generally*, Second Amended Complaint ("Complaint") [Document 11] (attached hereto as Ex. 1).

DEF. RUNYAN'S STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
(No. CV-05-320-AAM) – Page 1

LAW OFFICES OF
M<small>C</small>N<small>AUL</small> E<small>BEL</small> N<small>AWROT</small> & H<small>ELGREN</small> <small>PLLC</small>
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2. Runyan and his law firm, Lane Powell, PC, were retained by Continental Casualty Company ("CNA")—Lamar's insurer—in September 2002 to monitor the trial of the Kuntz Lawsuit. *See* Declaration of Michael H. Runyan ("Runyan Decl.") at ¶ 2. Plaintiff James J. Kuntz and his family had sued Lamar and Kootenai Electrical Cooperative for serious personal injuries that he sustained while working on an elevated billboard owned by Lamar in eastern Idaho. *See id.*

3. On the date of the incident, Mr. Kuntz was working with metal rods, which came into contact with a live electrical line owned by Lamar's co-defendant, KEC. The electrical shock threw Mr. Kuntz from the billboard to the ground, some thirty feet below. He suffered horrific injuries, including the loss of the majority of his arms and a substantial portion of his legs; Mr. Kuntz was left paraplegic. *See* Complaint at ¶ 3.2.

4. At trial, Mr. Kuntz was represented by Paul N. Luvera and Joel D. Cunningham from the Luvera Law Firm in Seattle and Dan Keefe of Keefe, King & Bowman in Spokane. *See* Declaration of Paul N. Luvera ("Luvera Decl.") at ¶ 2. Mr. Luvera—Mr. Kuntz's lead counsel—is widely regarded as one of the preeminent plaintiffs' attorneys in the country. *See id.* at ¶ 1. He has an extensive history of achieving substantial verdicts and settlements in personal injury lawsuits and was particularly confident in the merits of Mr. Kuntz's claims. *See id.* Lamar was represented by Spokane attorney Pat Risken and KEC was represented by Spokane attorney Andy Bohrnsen.

5. Although KEC asserted after the trial that Lamar was required, by Idaho statute, to indemnify it for its entire share of the verdict ultimately obtained by Mr. Kuntz and his family, it did not raise this issue during the Kuntz litigation. *See* Runyan Decl. at ¶ 6.

DEF. RUNYAN'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (No. CV-05-320-AAM) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

6. Runyan first became involved in the Kuntz Lawsuit shortly after an unsuccessful mediation and shortly before trial was set to commence. *See* Runyan Decl. at ¶ 3. His initial role was to monitor the trial and report back to CNA with daily updates. *See id.* at ¶ 2. However, as the trial approached its conclusion and CNA was faced with the realistic possibility of a multi-million dollar jury verdict against its insured, it asked Runyan to rekindle settlement discussions with Mr. Luvera. *See id*. at ¶ 4.

7. In October 2002, Runyan successfully negotiated a "High-Low" settlement agreement with Mr. Luvera (the "Settlement Agreement"). *See* Luvera Decl., Ex. A. Pursuant to the Settlement Agreement, it was agreed that Lamar would not pay Mr. Kuntz more than $15.5 million and that Mr. Kuntz would recover from Lamar at least $7.5 million even if the jury returned a defense verdict for Lamar. *See id.*; *see also* ¶ 5.

8. The Settlement Agreement was only as to Lamar since KEC was not involved in the negotiations and Runyan was not authorized to negotiate on behalf of KEC. *See* Runyan Decl. at ¶ 5; *see also* Luvera Decl. at ¶ 6. In fact, plaintiffs did not have any settlement discussions with KEC because Mr. Luvera and his clients "had no intention of settlement with KEC. We had no desire to limit our clients' ability to collect damages from KEC." Luvera Decl. at ¶ 6. The language of the Settlement Agreement is consistent with this intent:

> This settlement is on behalf of Lamar only and will not affect any verdict in favor of the Kuntz family against [KEC] for special damages and general damages.

*See* Luvera Decl., Ex. A.

9. Even if—as plaintiff assumes—Runyan tried to limit Lamar's potential liability to KEC through his negotiations with the Kuntz plaintiffs, Mr. Luvera would have refused to enter into such a settlement agreement on his clients' behalf:

DEF. RUNYAN'S STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
(No. CV-05-320-AAM) – Page 3

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

> I never would have recommended to my client nor agreed to include such a provision in the settlement agreement. If Mr. Runyan had insisted on such a provision or any provision to limit KEC's exposure, there would not have been a settlement agreement. The high/low agreement guaranteed that Mr. Kuntz would receive a recovery in the action while preserving the ability to obtain a large verdict against KEC.

Luvera Decl. at ¶ 7.

10. Shortly after the Settlement Agreement was executed, the jury returned a verdict in favor of plaintiffs. The verdict allocated liability amongst Lamar, KEC and plaintiffs at 38 percent, 50 percent and 12 percent, respectively. Plaintiffs were awarded a net total of $17,539,723, of which Lamar was responsible for approximately $7.5 million and KEC was responsible for $9,965,752. *See* Complaint at ¶ 3.11. Since the verdict against Lamar was within the High-Low range, the Settlement Agreement did not come into play.

11. In December 2002, KEC filed a lawsuit against Lamar in the First Judicial District Court, County of Kootenai, State of Idaho (the "KEC Lawsuit"). *See* Complaint at ¶ 3.13. KEC alleged that pursuant to Idaho Code 55-2401 *et seq.*, it was entitled to indemnity from Lamar for its share of the verdict in the Kuntz Lawsuit. *Id.* As stated above, this issue was not raised at any point in the Kuntz Lawsuit. KEC subsequently moved for, and was granted, summary judgment on its indemnity claim. That decision is presently on appeal. *See* Complaint at ¶ 3.14.

12. Lamar subsequently brought this action against Runyan and CNA. The gist of Lamar's claims against Runyan is that he committed malpractice and breached his fiduciary duties to Lamar by not reaching a settlement agreement that capped its total liability in the Kuntz Lawsuit. *See generally* Complaint. Lamar's argument incorrectly presupposes that Runyan could have reached a deal with Mr. Luvera to limit KEC's liability in the Kuntz Lawsuit, and, thus, minimize Lamar's total potential liability in the event that KEC's indemnification claim prevailed. In fact, there is no evidence that KEC itself would have given up its claim. *See id.*

DEF. RUNYAN'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (No. CV-05-320-AAM) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

13. With respect to its alleged damages, Lamar claims that Runyan is liable to it for amounts "including but not limited to, the jury award against KEC in the amount of $9,965,752, together with legal interest accruing on such amount, and the costs and expenses together with attorneys [sic] fees, asserted by KEC against Lamar in the KEC Lawsuit." Complaint at ¶ 3.20. Lamar also claims that Runyan is liable "to the extent that judgment is entered against Lamar in the KEC Lawsuit and the amount of judgment exceeds the CNA policies [sic] limits." *Id.* at ¶ 4.5; *see also* ¶ 7.4.

14. Upon information and belief, Lamar is insured by CNA for any damages relating to the Kuntz Lawsuit up to $16 million. *See* Runyan Decl. at ¶ 7. Lamar has thus attributed to Runyan damages that are within the limits of Lamar's insurance policy with CNA—damages for which Runyan is not liable. If KEC's indemnification claim prevails, Lamar's total damages for the Kuntz Lawsuit will be $17,539,724. *See* Runyan Decl. at ¶ 7; Luvera Decl., Ex. A. Only $1,539,724 will not be covered by Lamar's policy with CNA.

DATED this 10th day of July, 2006.

         McNAUL EBEL NAWROT & HELGREN PLLC

         By: s/ David R. East
           Robert M. Sulkin, WSBA No. 15425
           David R. East, WSBA No. 31481

         Attorneys for Defendant Michael H. Runyan

         600 University Street, Suite 2700
         Seattle, Washington 98101-3143
         Telephone (206) 467-1816
         Facsimile (206) 624-5128
         E-mail: rsulkin@mcnaul.com and deast@mcnaul.com

DEF. RUNYAN'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (No. CV-05-320-AAM) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that on July 10, 2006, I caused to be served by way of electronic mail the foregoing Defendant Michael H. Runyan's Statement of Facts in Support of Motion for Summary Judgment on the following:

gannis@lukins.com; tthrall@lukins.com
kkonkright@lukins.com; mobrien@lukins.com
Mr. Eugene I. Annis, WSBA No. 02112
Mr. Kelly E. Konkright, WSBA No. 33544
LUKINS & ANNIS, P.S.
717 West Sprague Avenue, Suite 1600
Spokane, Washington  99201-0466
  *Attorneys for Plaintiffs*

mese@kmlaw.com
rossi@kmlaw.com
Mr. Mark D. Mese, *Admitted Pro Hac Vice*
Mr. Todd A. Rossi, *Admitted Pro Hac Vice*
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman LLP
One American Place, 22nd Floor
Baton Rouge, Louisiana  70825
  *Attorneys for Plaintiff*

cforsberg@forsberg-umlauf.com; csimpson@forsberg-umlauf.com
pbrady@forsberg-umlauf.com; bchacon@forsberg-umlauf.com; wbarker@forsberg-umlauf.com
Mr. Carl E. Forsberg, WSBA No. 17025
Mr. Patrick S. Brady, WSBA No. 11691
Forsberg & Umlauf, P.S.
900 Fourth Avenue, Suite 1700
Seattle, Washington  98164-1039
  *Attorneys for Defendant CNA Insurance Companies*

DATED this 10th day of July, 2006.

By: s/ David R. East
      David R. East, WSBA No. 31481

Attorneys for Defendant Michael H. Runyan

600 University Street, Suite 2700
Seattle, Washington  98101-3143
Telephone (206) 467-1816
Facsimile (206) 624-5128
E-mail: deast@mcnaul.com

DEF. RUNYAN'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (No. CV-05-320-AAM) – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

0436-011 se262801 7/10/06