EUGENE I. ANNIS, WSBA #2112
KELLY E. KONKRIGHT, WSBA #33544
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile No.: (509) 747-2323

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| THE LAMAR COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, a member of the CNA Insurance Companies, and MICHAEL H. RUNYAN,<br><br>Defendants. | NO. CV-05-320-AAM<br><br>SECOND AMENDED COMPLAINT |

NOW COMES complainant, The Lamar Company, LLC, ("Lamar") successor by merger with The Lamar Corporation, who respectfully avers that:

## I. THE PARTIES

1.1    Complainant Lamar is a Louisiana limited liability company with its principal place of business in Louisiana and who is successor by merger to The Lamar Corporation.

SECOND AMENDED COMPLAINT: 1

EXHIBIT 1 Page 1

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1.2   Defendant Continental Casualty Company ("CNA") is a member of the CNA Insurance Companies. It is an insurance company organized under the laws of the State of Illinois with its primary place of business located in the State of Illinois.

1.3   Defendant Michael H. Runyan ("Runyan") is a person residing in King County, Washington. At all times mentioned herein and pertinent hereto, Runyan has been an attorney practicing in Washington.

1.4   Lamar's claims and causes of action asserted against Runyan herein are made in the alternative based on Runyan's acts and omissions in his capacity as CNA's agent and/or in his capacity as a licensed attorney.

## II. JURISDICTION, VENUE, AND CHOICE OF LAW

2.1   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000, exclusive of interest and costs.

2.2   Venue is appropriate in the Eastern District of Washington pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claim occurred in this district and at least one of the named defendants is subject to personal jurisdiction in the district.

SECOND AMENDED COMPLAINT: 2


EXHIBIT 1  Page 2

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

2.3   Washington and Louisiana state law govern the substantive issues of liability, agency, and damages.

### III. GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

3.1   Lamar's business consists of, among other things, erecting, maintaining, and leasing advertising space on outdoor signs and billboards.

3.2   On November 9, 2000, James J. Kuntz ("Kuntz") filed a civil action, Docket No. CS-00415-RHW ("Kuntz Lawsuit"), against Kootenai Electric Cooperative, Inc. ("KEC"), and Lamar for injuries he allegedly incurred when a metal rod Kuntz was inserting into a vinyl sign came into contact with a high voltage power line installed and owned by KEC. Kuntz was on a billboard catwalk thirty feet above the ground at the time of the incident. As a result of the electric shock, Kuntz fell to the ground, losing both arms and almost all of his right thigh muscle.

3.3   In his Complaint, Kuntz alleged that Lamar owned the billboard in Athol, Idaho, from which Kuntz fell.

3.4   At all pertinent times, CNA provided insurance covering Lamar for Kuntz's claims. The coverage included but was not limited to a General Liability Policy and a Commercial Umbrella Policy, Policy Nos. 189142730 and 189142856

SECOND AMENDED COMPLAINT: 3


EXHIBIT 1 Page 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

(the "CNA policies"). The CNA policies were issued and delivered to Lamar in Louisiana.

3.5     On information and belief, Runyan was a spectator at the trial in the Kuntz Lawsuit at CNA's request. Runyan was not Lamar's trial counsel in the Kuntz Lawsuit. Runyan never consulted with Lamar's trial counsel on any aspect of the Kuntz Lawsuit. Lamar never engaged Runyan for his professional services.

3.6     Runyan negotiated and consummated a settlement with Kuntz and his family members allegedly on behalf of Lamar ("Settlement") prior to the time the jury rendered its verdict on Kuntz's claims. On information and belief, Runyan negotiated and consummated the Settlement after consultation with, and approval by, CNA.

3.7     Lamar was not notified, consulted, or advised of the settlement by Runyan or CNA. Runyan acted solely at CNA's request and instruction when negotiating and executing the settlement.

3.8     The Settlement was a high-low agreement. The Settlement did not provide terms that addressed KEC's indemnity claims against Lamar, including such claims under Idaho Code § 55-2401 *et seq.*

3.9     Defendants never advised Lamar that the Settlement terms would not protect Lamar from KEC's indemnification claims, including those based on Idaho

SECOND AMENDED COMPLAINT: 4

EXHIBIT L Page 10

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

Code § 55-2401 *et seq.* Likewise, Defendants did not advise Lamar that it could or should participate in the Settlement negotiations or that the Settlement terms could expose Lamar to liability or judgment in excess of the CNA Policies limits of coverage.

3.10  CNA placed its own interests above those of Lamar, its insured, at the expense of Lamar's best interests.

3.11  The Kuntz Lawsuit proceeded to trial. On a special verdict form, the jury awarded total damages in the amount of $18,306,504 to Kuntz; $1,000,000 to Kuntz's spouse, Jennifer Kuntz; and $125,000 to each of Kuntz's five children. The jury further apportioned the fault of the parties in the amount of 12% to Kuntz, 38% to Lamar, and 50% to KEC, resulting in a total assessment against KEC under the jury award in the amount of $9,965,752.

3.12  On information and belief, CNA authorized and/or directed Runyan to execute the settlement agreement. The settlement agreement was executed by Runyan purportedly on behalf of Lamar before Lamar was aware of settlement negotiations or the settlement.

3.13  On or about December 30, 2002, KEC filed a civil action against Lamar, Case No. CV-02-08891, in the First Judicial District Court, County of Kootenai, State of Idaho ("KEC Lawsuit"). The KEC Lawsuit alleged KEC was

SECOND AMENDED COMPLAINT: 5



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

entitled to indemnity from Lamar under Idaho Code § 55-2401 *et seq.* KEC further sought to recover for its costs and expenses in the Kuntz Lawsuit, plus KEC's trial costs and expenses incurred in the Kuntz Lawsuit.

3.14   On or about October 23, 2003, the district judge in the KEC Lawsuit ruled on KEC's motion for summary judgment. The district judge granted KEC's summary judgment on its indemnity claim. The district judge never ruled on Lamar's affirmative defenses. The KEC Lawsuit was appealed and has since been remanded to the district judge to rule on Lamar's affirmative defense of laches.

3.15   The Judgment rendered against Lamar in the KEC Lawsuit is in excess of the contractual CNA policies limits.

3.16   CNA had the opportunity to settle the Kuntz and the KEC Lawsuits within the CNA Policies limits but failed to do so.

3.17   CNA has and continues to provide a defense to Lamar in the KEC Lawsuit, but has never reserved its rights as to coverage with respect to KEC's claims and demands for indemnity under Idaho Code § 55-2401 *et seq.*

3.18   Despite repeated requests, CNA failed to timely and properly respond to Lamar concerning the Settlement and the action CNA would take to protect Lamar as its insured from liability in the KEC Lawsuit.

SECOND AMENDED COMPLAINT: 6

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

3.19   The acts, errors, representations, and omissions by Runyan and CNA related to the negotiation and execution of the Settlement took place in Spokane, Washington.

3.20   As a result of the acts, errors, and omissions of defendants, Lamar has been directly, proximately, and legally damaged in an amount equal to the claims and demands asserted by KEC in the KEC Lawsuit, including but not limited to, the jury award against KEC in the amount of $9,965,752, together with legal interest accruing on such amount, and the costs and expenses, together with attorneys fees, asserted by KEC against Lamar in the KEC Lawsuit.

3.21   Defendants' acts, errors, and omissions have further damaged Lamar to the extent Lamar has to pay any amount to KEC as a result of, or related to, the KEC Lawsuit because any such payments damage the value of Lamar as a public company.

3.22   Lamar raises and asserts the following alternative causes of action, for which defendants, CNA and Runyan are jointly and severally liable to Lamar.

## IV. LEGAL MALPRACTICE

4.1   Lamar reiterates and incorporates by reference the allegations contained in Sections I through III of this Complaint.

SECOND AMENDED COMPLAINT: 7



LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

4.2     As a licensed Washington attorney taking action to settle a claim against Lamar, Runyan owed Lamar a duty to exercise his profession with care and prudence, and pursuant to the ethical obligations and requirements of the Washington State Bar, regardless of whether he actually was Lamar's legal counsel.

4.3     In the alternative, if Runyan was Lamar's legal counsel, Runyan owed Lamar the same duty of reasonable care.

4.4     Runyan breached the duty of reasonable care by failing to, among other things, timely communicate with and advise Lamar; determine the applicable law; understand the pertinent legal issues; avoid representing clients with conflicting interests; and settling the action against Lamar without obtaining Lamar's authority to execute the Settlement on Lamar's behalf.

4.5     As an actual and proximate result of Runyan's negligence, Lamar will incur damage to the extent judgment is entered against Lamar in the KEC Lawsuit and the amount of judgment exceeds the CNA policies limits.

## V. NEGLIGENCE OF CNA

5.1     Lamar reiterates and incorporates by reference the allegations contained in Sections I through IV of this Complaint.

SECOND AMENDED COMPLAINT: 8

1 · 14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

5.2   In defending Lamar in the Kuntz and KEC Lawsuits, CNA owed Lamar a legal duty to act as a reasonably prudent insurance company under similar circumstances.

5.3   CNA breached this duty of care.

5.4   As an actual and proximate result of CNA's negligence, Lamar has been damaged in an amount that exceeds the CNA Policies limits.

## VI. BREACH OF FIDUCIARY DUTY - CNA

6.1   Lamar reiterates and incorporates by reference the allegations contained in Sections I through V of the complaint.

6.2   CNA owes fiduciary duties to Lamar as Lamar's insurer in the handling of claims against Lamar that are covered by the insurance policy issued by CNA to Lamar.

6.3   As a fiduciary, CNA was obligated to not place its interests above Lamar and not to take, among other things, any action that prejudiced Lamar in defending and resolving the Kuntz Lawsuit and the KEC Lawsuit.

6.4   CNA's fiduciary duty further required CNA to timely and properly communicate and respond to Lamar as its insured concerning the Kuntz Lawsuit, the Settlement, and the KEC Lawsuit.

SECOND AMENDED COMPLAINT: 9

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

6.5   CNA breached these fiduciary duties owed to Lamar through the actions and omissions of its agents and representatives, including, but not limited to the actions and omissions of Runyan.

6.6   As a proximate and actual result of CNA's breach, Lamar has been damaged in an amount that exceeds the CNA insurance policy limits.

## VII. **BREACH OF FIDUCIARY DUTY - RUNYAN**

7.1   Lamar reiterates and incorporates by reference the allegations contained in Sections I through VI of the Complaint.

7.2   If Runyan was Lamar's legal counsel (a fact not admitted by Lamar), then Runyan also owed fiduciary duties to Lamar. Such fiduciary duty included the duty of loyalty to Lamar, which required sole representation of Lamar and acting in Lamar's best interest.

7.3   Runyan breached the fiduciary duties he owed to Lamar.

7.4   As an actual and proximate result of Runyan's breaches of fiduciary duties owed to Lamar, Lamar has been damaged in an amount that exceeds the CNA Policies limits.

## VIII. **WAIVER**

8.1   Lamar incorporates and adopts by reference the allegations contained in Sections I through VII of this Complaint.

SECOND AMENDED COMPLAINT: 10



LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

8.2   CNA was obligated to timely and properly advise Lamar of CNA's position under the CNA Policies with respect to the Kuntz Lawsuit, the KEC Lawsuit, and the Settlement. Because CNA never issued a reservation of rights letter, CNA is obligated to Lamar in an amount not less than the CNA policies limits, which obligation CNA has acknowledged.

8.3   Under the circumstances, CNA undertook to negotiate and execute the Settlement without advising Lamar of the terms and consequences of the Settlement and without Lamar's consent. CNA further failed to timely and properly respond to Lamar with respect to its position under the insurance policy and applicable law as to matters concerning Runyan's involvement, and the action it would take to protect Lamar as its insured as to the Kuntz Lawsuit, KEC Lawsuit, and the Settlement. Such action and failures by CNA constitutes a waiver of all the CNA policies defenses, including policy limits.

8.4   As a result of CNA's waiver, CNA is liable and responsible for all liability and judgments rendered against Lamar in the KEC Lawsuit, including those in excess of the CNA policies limits.

8.5   Alternatively, CNA's actions in defending the Kuntz Lawsuit, and negotiating and executing the Settlement, were done so in a manner that resulted in a loss of a favorable resolution of Kuntz's claims against Lamar; and was contrary

SECOND AMENDED COMPLAINT: 11

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

to an insurer's defense of its insured without any reservation of rights. Such action by CNA as set forth herein resulted in prejudice to Lamar and CNA is estopped from raising coverage defenses, including those related to CNA policies limits.

## IX. GOOD FAITH AND FAIR DEALINGS

9.1   Lamar reiterates and incorporates by reference the allegations contained in Sections I through VIII of this Complaint.

9.2   As Lamar's insurer, CNA owed Lamar a duty of good faith and fair dealings including the affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims. This duty extended to the negotiation and the ultimate terms of the Settlement; timely and properly communicating and responding to Lamar; taking action that did not place itself above Lamar; and settling the KEC Lawsuit within the CNA policies limits.

9.3   CNA breached the duties of good faith and fair dealings, and the affirmative duty to adjust claims fairly and promptly.

9.4   As a result of CNA's breaches of these duties, Lamar has been damaged in an amount that exceeds the CNA policies limits.

## X. PRAYER FOR RELIEF

WHEREFORE, The Lamar Company, LLC, prays for judgment as follows:

SECOND AMENDED COMPLAINT: 12

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

1.  For a decree declaring that defendants, as a matter of fact and law, are jointly and severally liable to Lamar for all damages, fees, expenses, and/or other amounts for which Lamar may sustain, or be responsible or liable for or related to, arising out of, or connected with Kuntz Lawsuit and/or the KEC Lawsuit as a result of defendant's negligence, breach of fiduciary duties, breach of contract, and/or breach of the duty of good faith and fair dealings;

2.  For a decree declaring that defendants, as a matter of fact and law, are jointly and severally liable to Lamar for attorneys' fees, penalties, and legal interest to the extent allowed under applicable law; and

3.  For all other equitable and just relief as may be appropriate.

DATED this 26th day of January, 2006.

LUKINS & ANNIS, P.S.

By: /s/ Kelly Konkright
EUGENE I. ANNIS, WSBA #2112
KELLY E. KONKRIGHT, WSBA #33544
Telephone: (509) 455-9555
Facsimile: (509) 747-2323
*Attorneys for The Lamar Company, LLC*

SECOND AMENDED COMPLAINT: 13

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

K:\L\LAMAR024793\LAMAR00001\PLDG\SECOND AMENDED COMPLAINT-011106-KEK-KEK.DOC 1/12/06

# CERTIFICATE OF SERVICE

I hereby certify that on January 26th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following, and/or I caused to be served a true and correct copy of the foregoing on the following in the manner indicated below:

| | |
|---|---|
| Mr. Patrick S. Brady<br>Mr. Carl E. Forsberg<br>Forsberg & Umlauf, P.S.<br>900 Fourth Ave Ste 1700<br>Seattle, WA 98164-1039 | Electronically ☒<br>U.S. Mail ☐<br>Overnight Mail ☐<br>Hand Delivery ☐<br>Facsimile ☐ |
| Mr. Robert M. Sulkin<br>McNaul Ebel Nawrot Helgren & Vance, P.L.L.C.<br>600 University Street Ste 2700<br>Seattle, WA 98101-3143 | Electronically ☒<br>U.S. Mail ☐<br>Overnight Mail ☐<br>Hand Delivery ☐<br>Facsimile ☐ |

*Michele O'Brien*

MICHELE O'BRIEN
of Lukins & Annis, P.S.

SECOND AMENDED COMPLAINT: 14

1  20

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323