UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE LAMAR COMPANY, LLC,                   )
                                          )   No. CV-05-320-AAM
                                          )
                                          )   **ORDER GRANTING**
                                          )   **MOTIONS FOR STAY**
                    Plaintiff,            )
                                          )
        vs.                               )
                                          )
                                          )
CONTINENTAL CASUALTY                      )
COMPANY, a member of CNA                  )
Insurance Companies, and MICHAEL)
H. RUNYAN,                                )
                                          )
                                          )
                    Defendants.           )
_____  )

   **BEFORE THE COURT** are the Motions For Stay filed by Plaintiff Lamar

Company LLC, (Lamar), and Defendant Continental Casualty Company

(Continental) (Ct. Rec. 74 and 78).  These motions were filed in response to an

"Order Directing Briefing On 'Mootness' Issue" (Ct. Rec. 73) which was issued on

November 17, 2006.  Defendant Michael H. Runyan (Runyan) opposes the Motions

For Stay.

**I. BACKGROUND**

   In the matter of *Kootenai Electric Cooperative, Inc. v. The Lamar*

**ORDER GRANTING**
**MOTIONS FOR STAY**-                  **1**

1  *Corporation*, CV-02-08891, filed in Kootenai County District Court in Idaho[1],

2  Kootenai Electric Cooperative, Inc. (KEC) sought a judgment against Lamar for

3  $9,965,752, representing the amount of the verdict against KEC rendered in the

4  Kuntz Lawsuit tried before the Honorable Robert H. Whaley, CV-00-415-RHW, in

5  the federal district court for the Eastern District of Washington.  KEC and Lamar

6  were co-defendants in the Kuntz Lawsuit.  On November 15, 2006, the Kootenai

7  County District Court granted summary judgment to Lamar on the basis of *res*

8  *judicata*, finding that KEC should have asserted its claim for indemnification in the

9  Kuntz Lawsuit.  That summary judgment has been appealed by KEC to the Idaho

10  appellate courts.

11       In light of the summary judgment granted to Lamar in the KEC Lawsuit, the

12  question is whether the captioned matter has become moot, specifically whether the

13  declaratory relief sought by Lamar in the captioned matter is no longer meaningful

14  or effective.[2]  If the captioned matter has not been rendered moot, the next question

15  is whether imposition of a stay is appropriate pending resolution of the appeal in

16  the Idaho courts.

17  //

18  //

19       [1] Also referred to herein as the "KEC Lawsuit."

20       [2] In its "Second Amended Complaint" filed in the captioned matter, Lamar

21  alleges that as a result of the acts, errors, and omissions of Continental and

22  Runyan, it has been "directly, proximately, and legally damaged in an amount

23  equal to the claims and demands asserted by KEC in the KEC Lawsuit, including

    but not limited to, the jury award against KEC in the amount of $9,965,752,

24  together with legal interest accruing on such amount, and the costs and expenses,

25  together with attorneys fees, asserted by KEC against Lamar in the KEC Lawsuit."

    Lamar seeks a decree declaring that Continental and Runyan are liable for these

26  amounts.

27  **ORDER GRANTING**

28  **MOTIONS FOR STAY-**               **2**

1 **II.  DISCUSSION**

2 **A.  Mootness**

3 The court agrees with Lamar and Continental that the captioned matter has

4 not been rendered moot by the November 15, 2006 summary judgment decision in

5 the KEC Lawsuit.  This is because that decision has been appealed and therefore, is

6 subject to reversal on appeal.  *Occidental Life Insurance Company of California v.*

7 *Nichols*, 216 F.2d 839, 842 (5th Cir. 1954).

8 Runyan contends the Kootenai County District Court's decision is

9 "conclusive" under Idaho law because it is treated as a final judgment on the merits

10 for collateral estoppel purposes.  Be that as it may[3], it does not dictate a finding that

11 the captioned matter is moot.  The court is persuaded by the reasoning in

12 *Occidental*:

13 > There is no failure by a federal court to give full faith
> and credit to a judgment of a state court by reserving
> a decision as to what effect is finally to be given to a
14 > state court judgment where, under the state's own rules
> of procedures, the effectiveness of the trial court's
15 > judgment can be stayed pending appeal.  The federal
> courts are thus, in their own permissible way, paralleling
16 > the state's own action in deferring the placing of a seal of
> finality on the judgment.

17 216 F.2d at 842.  In *Occidental*, the Fifth Circuit Court of Appeals held that

18 dismissal of a life insurer's federal declaratory judgment action could not be

19 supported on the ground of "res adjudicata" based on an underlying state court

20 judgment which was subject to an appeal, and furthermore, the federal declaratory

21 judgment action was not rendered moot since a real controversy continued to exist

22 as long as the insurer had a chance to reverse the state court judgment.  *Id.*

23 --------

24 [3] Runyan cites *Eastern Idaho Agricultural Credit Association v. Neibaur*,
25 133 Idaho 402, 987 P.2d 314, 320 (1999), in which the Idaho district court
decision which was treated as a final judgment on the merits had in fact been
26 reviewed on appeal.

27 **ORDER GRANTING**
28 **MOTIONS FOR STAY**-            **3**

1    In *Bailey v. Ness*, 733 F.2d 279 (3ʳᵈ Cir. 1984), a federal district court

2 dismissed plaintiff's federal civil rights action based on a theory of collateral

3 estoppel because it concluded that the issues on which the plaintiff sought relief

4 had already been decided in a state court criminal proceeding which resulted in

5 plaintiff's conviction.  The Third Circuit Court of Appeals found this to be

6 improper since an appeal from the conviction remained pending in the state court.

7 The Third Circuit concluded that the district court should have instead stayed the

8 federal civil rights action until the appeals from the state court conviction had run

9 their course or had run out of time in which to be brought.  Citing *Occidental*,

10 among other authorities, the Third Circuit stated:

> It is our view that **whether or not** a state court regards
> a decision of a trial court pending appeal to preclude
> relitigation of identical issues, the trial court judgment
> does not prevent the district court from staying a
> proceeding.  A dismissal of a party's suit, even without
> prejudice, simply does not protect the party from a
> statute of limitations problem should the state court
> proceedings take a great deal of time.  That possibility
> warrants a safeguarding of a party's interest in being
> able to bring suit.  Consequently, we believe that under
> such circumstances, it is improper for a district court
> to dismiss a party's claims: a proper course would be
> to stay the federal court proceedings until the state
> court proceedings have run their course or have run
> out of time in which to be brought.

18 *Id*. at 283 (emphasis added).

19    The decision of the Kootenai County District Court does not have collateral

20 estoppel consequences with regard to the captioned matter because the issues are

21 not identical.  Consequently, instead of arguing for dismissal on the basis of

22 collateral estoppel, Runyan argues for dismissal based on mootness.  Although

23 *Bailey* did not address mootness, its rationale applies as well to the case at bar:  a

24 dismissal for mootness would not protect Lamar from a statute of limitations

25 problem in the event the decision of the Kootenai County District Court is

26 overturned on appeal.

27 **ORDER GRANTING**

28 **MOTIONS FOR STAY**-                **4**

The pending appeal in Idaho prevents this court from finding at this juncture that the declaratory relief sought by Lamar in the captioned matter is moot.  If necessary, mootness is an issue which will be re-visited if the decision of the Kootenai County District Court is affirmed on appeal.[4]

### B. *Landis* Stay

> A [federal] district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.  The exertion of this power calls for the exercise of a sound discretion.  Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268, citing *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163 (1936).  The party who moves for a stay must demonstrate "a clear case of hardship or inequity" if there is "even a fair possibility" that the stay would work damage on another party.  *Landis*, 299 U.S. at 255.[5]

---

[4] Thus, for example, if the Kootenai County District Court decision is affirmed on appeal, the court will determine if Lamar's claim for fees and costs incurred in defending against the KEC lawsuit saves the captioned matter from being moot.

[5] *Landis* provides the appropriate analysis as opposed to declaratory relief abstention analysis.  This is so because the KEC Lawsuit involves the legal question of whether KEC is entitled to indemnification from Lamar under Idaho law, which is entirely distinct from the issue in the captioned declaratory judgment

**ORDER GRANTING
MOTIONS FOR STAY**-                    **5**

1   Runyan contends he would be seriously prejudiced if Lamar's legal

2 malpractice claims against him in the captioned matter were allowed to linger

3 unresolved for months or years until all appeals are exhausted in the KEC Lawsuit.

4 Runyan asserts the continued presence of these allegations "clearly has a

5 deleterious impact on [his] professional reputation." The court is not persuaded

6 these mere allegations make for a "fair possibility" that the stay would work

7 damage on Runyan. As such, it is not necessary for Lamar or Continental to

8 demonstrate a "clear case of hardship or inequity." As a result, what takes on

9 additional significance is the "orderly course of justice" which will promote

10 economy of time and effort for the court, counsel, and for the litigants.

11   This court believes an affirmance by the Idaho appellate courts in the KEC

12 Lawsuit may render moot Lamar's request for declaratory relief in the captioned

13 matter. At this juncture, the court is not persuaded that Lamar's claim for fees and

14 costs incurred in the KEC Lawsuit, as an element of its damages, will save the

15 captioned matter from a mootness challenge in the event of an affirmance in the

16 KEC Lawsuit. That being the case, there is the distinct possibility that continuing

17 to litigate the captioned matter will ultimately be all for naught and constitute a

18 significant waste of time and effort by the parties, their counsel, and the court.

19 Were the court to now issue a decision on Runyan's pending motion for summary

20

21 action which is whether Continental and/or Runyan breached duties owed to
Lamar arising in tort and contract. Although the outcome of the KEC Lawsuit

22 obviously has some bearing on the captioned matter in terms of the extent of
declaratory relief, if any, to which Lamar is entitled, the KEC Lawsuit is not a

23 "parallel" state action because there is not an overlap of factual questions between

24 that action and this federal declaratory judgment action. *Polido v. State Farm*

25 *Mut. Auto Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other
grounds by *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.

26 1998).

27 **ORDER GRANTING**

28 **MOTIONS FOR STAY**-              **6**

1  judgment, that decision may well be rendered meaningless because of an

2  affirmance by the Idaho appellate court which renders moot the captioned matter.[6]

3  Accordingly, a stay is warranted.

4        Runyan contends a stay might compromise his ability to discover and

5  preserve relevant evidence, including testimony of fact witnesses like Mr. Kuntz

6  who suffered life-threatening injuries, thereby requiring constant and continuing

7  medical attention throughout the remainder of his life.  Although the captioned

8  proceedings will be stayed, including discovery in general, the court will allow the

9  parties to make application to conduct specific discovery which they believe is

10  necessary to preserve evidence for any litigation which may remain after the

11  appellate proceedings are concluded in the KEC Lawsuit.  *See CMAX*, 300 F.2d at

12  269 (stay affirmed by Ninth Circuit Court of Appeals which observed that if there

13  were a problem preserving evidence, "application could be made in the district

   court to permit further discovery proceedings").

14

15  **III.  CONCLUSION**

16        The Motions For Stay filed by Lamar and Continental (Ct. Rec. 74 and 78)

17  are **GRANTED** and the captioned matter is **STAYED**, including a ruling on

18  Runyan's motion for summary judgment (Ct. Rec. 48), pending completion of the

19  appellate proceedings in the KEC Lawsuit.  The Scheduling Order filed March 10,

20  2006 (Ct. Rec. 21) is **VACATED**.  The parties may move the court to permit

21  specific discovery they believe is necessary to preserve evidence.

22  _____

23        [6] If there is an affirmance which, for some reason, does not result in

24  mootness of the captioned matter, the court will then determine if that means
   Runyan had no duty to settle KEC's indemnity claim, as argued by Runyan.  If the

25  court determines the duty was not extinguished, it will then rule on the proximate

26  cause issue raised in Runyan's pending summary judgment motion.

27  **ORDER GRANTING**

28  **MOTIONS FOR STAY**-                7

1    **IT IS SO ORDERED**.  The District Executive is directed to enter this order

2  and forward copies to counsel of record.

3          **DATED** this  8th       of January, 2007.

4

5                     s/ Alan A. McDonald
                     ALAN A. McDONALD
6                  Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **ORDER GRANTING**

28  **MOTIONS FOR STAY**-              **8**